IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | | |
|---|---|---|
| DONALD L. GRAY, | ) | Case No.:  4:07-cv-03249 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND REQUEST** |
| BNSF RAILWAY COMPANY, a Delaware | ) | **FOR JURY TRIAL AT LINCOLN** |
| corporation,  and | ) | |
| BROWN'S CREW CAR OF WYOMING, INC., | ) | |
| d/b/a ARMADILLO EXPRESS, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Donald L. Gray, by and through his attorney, James L. Cox, Jr.,

of Rossi, Cox & Vucinovich, P.C., and by way of claims against Defendants, states as follows:

## GENERAL ALLEGATIONS

### I.

At all times relevant hereto, Plaintiff was, and is, a resident of McCook, Red Willow

County, Nebraska.

### II.

On August 24, 2005, at approximately 2:00 p.m., Plaintiff was employed by Defendant

BNSF Railway Company (hereinafter "BNSF"), a corporation, and being transported from

Defendant's depot in its yard in Lincoln, Nebraska to the train for which he had been called, in a

van owned and operated by Defendant Brown's Crew Car of Wyoming, Inc., d/b/a Armadillo

Express ("Armadillo").

### III.

At said time and place, the Armadillo van was traveling to the trimmer track where

Plaintiff's train was waiting, when the van driver stopped the van on a crossing on the track.

IV.

Plaintiff, Donald L. Gray, was a restrained passenger in the Armadillo van.

V.

At said time and place, a BNSF switch crew was shoving a train on the track on which the Armadillo van driver had stopped the van.

VI.

At said time and place, as a result of the negligence of the driver of the Armadillo van and the negligence of Defendant BNSF's switch crew, the train being switched by the BNSF switch crew struck the van, shoving it several hundred feet down the track, causing Plaintiff, Donald L. Gray, the injuries hereinafter enumerated.

## **COUNT I**
FELA CLAIM AGAINST BNSF RAILWAY COMPANY
(45 U.S.C. § 51, *et. seq.*)

VII.

Plaintiff incorporates herein Paragraphs I through VI of GENERAL ALLEGATIONS.

VIII.

At all times herein mentioned, Defendant BNSF was and is now a duly-organized and existing corporation doing business in the State of Nebraska and other states.

IX.

At all times herein mentioned, Plaintiff was employed by Defendant BNSF in the State of Nebraska, being transported from Defendant BNSF's yard in Lincoln, Nebraska to go to work on a train as a conductor.  Part of Plaintiff's duties as an employee were in the furtherance of or directly or closely and substantially affected interstate commerce.

2

X.

At all times herein mentioned, Defendant BNSF was and now is engaged in the business of a common carrier by railroad in interstate commerce in the State of Nebraska and other states.

XI.

Plaintiff brings this action against Defendant BNSF under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C., §§ 51 to 60, *et. seq.*; regulations promulgated under the authority of those sections; and other federal safety laws which have been incorporated therein by decisions, under the terms of which this Court has jurisdiction.

XII.

To perform hauling of its crews, the BNSF had contracted with Armadillo to perform this "operational activity" of the railroad, and Armadillo was, therefore, an "agent" of the BNSF for the purposes of the FELA.  Accordingly, by operation of law, Defendant BNSF is responsible for the conduct of Armadillo and, by operation of law, its employee who was driving the van.

XIII.

At said time and place, Defendant BNSF had the non-delegable duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a)     the duty to provide Plaintiff with a reasonably safe place to work;

    (b)     the duty to adopt, install, implement and enforce safe methods and procedures for the transport of its employees;

    (c)     the duty to provide Plaintiff with safe and proper transportation to and from his workplace;

(d)     the duty to determine the qualifications of the drivers of Armadillo, with which it contracted;

(e)     the duty to warn Plaintiff;

(f)     the duty to monitor, inspect and enforce lawful and statutory requirements for the operation of vans that haul Defendant's employees;

(g)     the duty to comply with state and federal safety regulations and traffic laws;

(h)     the duty of its employees, including the switch crew, to comply with Defendant BNSF's rules, regulations, practices, and policies governing movement of trains in its yard; and

(i)     the duty to provide adequate time and personnel so that switching operations can be performed safely in its yards.

## XIV.

At said time and place, Defendant BNSF, through its agents, servants and employees other than Plaintiff, negligently and carelessly failed to perform the above-said duties, as the result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

## XV.

By reason of the facts hereinabove set forth and as a result thereof, Plaintiff received the following injuries, including, but not limited to:

(a)     right shoulder injury, including rotator cuff tear requiring subacromial decompression and rotator cuff repair;

(b)     neck injury causing cervical disc bulge at C4-5 with spinal cord compression centrally, and large central and left-sided herniated nucleus pulposus C5-6 with spinal cord compression and cervical nerve root compression giving rise to the need for surgery consisting of:

(1)     anterior cervical instrumentation C4-C6 utilizing Danek titanium locking cervical vertebral plate from the horizon series;

(2)     anterior cervical interbody fusion C4-5 with allograft bone graft;

4

(3)     anterior cervical interbody fusion C5-6 with allograft bone graft;

(4)     anterior cervical discectomy C4-5 with spinal cord decompression and bilateral foraminal decompression;

(5)     anterior cervical discectomy C5-6 with central spinal cord decompression and bilateral foraminal decompression and removal of large disc herniation;

(6)     contouring and shaping of structural allograft bone graft using Danek cortical cancellous bone graph inserted at C4-5 and C5-6; and

(c)     difficulty swallowing as a result of the neck surgeries described above.

## XVI.

Plaintiff's injuries hereinabove enumerated have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating.

## XVII.

Plaintiff's injuries hereinabove enumerated have caused the Plaintiff loss of full enjoyment of life.

## XVIII.

By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, hospitalization and prosthetic devices and aids in a sum as yet unascertainable, but Plaintiff is informed and believes, and therefore alleges, that he will require further medical attention, vocational rehabilitation, rehabilitation and counseling as a result of

5

said injuries, and will, therefore, incur a further indebtedness in an amount as yet
unascertainable.

XIX.

By reason of the facts hereinabove stated and the injuries caused Plaintiff thereby,
Plaintiff has sustained loss of wages, and will in the future sustain loss of wages, and loss of
fringe benefits, all to his damage in an amount as yet unascertainable.

XX.

By reason of the facts hereinabove stated and the injuries caused Plaintiff thereby,
Plaintiff was deprived of his earning power (impairment of earning capacity) to his damage in an
amount as yet undetermined.

XXI.

By reason of the facts hereinabove set forth and as a direct result thereof, Plaintiff has
suffered mental and physical pain and suffering, mental anguish, and impairment of self-esteem.

XXII.

By reason of the facts hereinabove set forth and as a direct result thereof as aforesaid,
Plaintiff has been generally damaged in an amount sufficient to invoke the jurisdiction of this
Court.

WHEREFORE, Plaintiff prays judgment against Defendant BNSF in an amount
sufficient to compensate him for his general damages, together with such special damages as
may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and
whatever other relief this honorable Court deems just and proper.

6

## COUNT II
### CLAIM AGAINST BROWN'S CREW CAR OF WYOMING, INC.,
d/b/a ARMADILLO EXPRESS
(Common Law Negligence)

XXIII.

Plaintiff incorporates herein Paragraphs I through VI of GENERAL ALLEGATIONS and Paragraphs XII through XXII of COUNT I.

XXIV.

At said time and place, Defendant Armadillo and the driver of the Armadillo van, an employee of Armadillo, had the duty to operate the van with reasonable care, in, among other things:

      (a)     the duty to maintain an adequate lookout for trains moving in the yard;

      (b)     the duty to take appropriate evasive action;

      (c)     the duty to have the van she was driving under control;

      (d)     the duty to drive defensively; and

      (e)     the duty to comply with applicable federal and state traffic laws and safety regulations.

XXV.

The driver of the Armadillo van negligently breached one or more of the above-enumerated duties, and, as a result, the collision occurred, causing Plaintiff, Donald L. Gray, the injuries enumerated herein.

XXVI.

At said time and place, the driver of the van was an employee of Defendant Armadillo and acting within the course and scope of her employment; therefore, the negligent conduct of the van driver is imputed by operation of law to her employer, Armadillo.

7

XXVII.

Defendant Armadillo had the duty, among others, to exercise reasonable care in the hiring, training, supervising, and monitoring of its drivers, including its driver at the time of this injury to Plaintiff.

XXVIII.

Defendant Armadillo negligently breached some or all of these duties and, as a result, the collision occurred, causing Plaintiff, Donald L. Gray, the injuries enumerated herein.

WHEREFORE, Plaintiff prays judgment against Defendant Armadillo in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, interest on said damages from date of injury, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 16th day of October, 2007.

s/JAMES L. COX, JR.
James L. Cox, Jr., #20223
Attorney for Plaintiff
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
Telephone: (303) 759-3500
Fax: (303) 759-3180
jcox@rcvpc.com

8

Plaintiff's Address:
70572 Rd. 389
McCook, NE  69001-7247